**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4201

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERICK ROMAN, a/k/a Erick Javier Sierra, a/k/a Malian-T, a/k/a
King Malian-T,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    Alexander Williams, Jr., District
Judge.  (8:09-cr-00598-AW-1)

Submitted:  December 1, 2011          Decided:  January 5, 2012

Before WILKINSON, KING, and AGEE, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

Thomas J. Saunders, LAW OFFICE OF THOMAS J. SAUNDERS, Baltimore,
Maryland, for Appellant.   Emily Noel Glatfelter, Assistant
United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Erick Roman pled guilty in a Fed. R. Crim. P. 11 hearing to one count of conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (2006). He was sentenced to a term of 720 months in prison. In accordance with Anders v. California, 386 U.S. 738 (1967), Roman's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning whether the district court erred in denying Roman's motion to withdraw his guilty plea, whether Roman was properly classified as a career offender pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2010), and whether Roman's sentence constituted an abuse of the district court's discretion. Roman received notice of his right to file a pro se supplemental brief, but has failed to do so. The Government has filed a motion to dismiss Roman's appeal pursuant to the terms of his plea agreement's waiver of appellate rights, by which Roman waives his right to appeal his conviction and his sentence, reserving only the right to appeal a term of imprisonment that exceeds life. For the following reasons, we dismiss in part and affirm in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A valid waiver will preclude appeal of a given issue if the issue is

2

within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Whether a defendant validly waived his right to appeal is a question of law that we review de novo. Id.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. This determination, often made based on the sufficiency of the plea colloquy and whether the district court questioned the defendant about the appeal waiver, ultimately turns on an evaluation of the totality of the circumstances. Id. These circumstances include all of "the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused." Id. (internal quotation marks omitted).

Here, a review of the record indicates that the district court fully complied with Rule 11 when accepting Roman's plea and specifically reviewed the terms of his plea agreement with him, including his appellate waiver. Given no indication in the record to the contrary, we find that Roman's waiver of appellate rights is valid and enforceable. Furthermore, because Roman's 720-month sentence does not implicate the limited exception to his forfeiture of the right to appeal his sentence, we find that the sentencing issues Roman seeks to raise on appeal fall squarely within the compass of his

appellate waiver. Accordingly, we grant the Government's motion to dismiss Roman's appeal of his sentence.

We find, however, that Roman's appellate waiver does not prevent our review of the district court's denial of Roman's motion to withdraw his guilty plea. A waiver of appeal rights will not bar appellate review of denial of such a motion if it contains a "colorable claim" that the plea agreement "is tainted by constitutional error," such as involuntariness or the lack of the effective assistance of counsel. See, e.g., United States v. Attar, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). Because Roman's motion to withdraw was premised on such claims, we deny the Government's motion to dismiss Roman's appeal of the denial of his motion to withdraw his plea.

Turning to the merits of Roman's claim, we review the denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Battle, 499 F.3d 315, 319 (4th Cir. 2007). In order to withdraw an otherwise valid guilty plea before sentencing, a defendant must show that a "fair and just reason" supports his request to do so. Fed. R. Crim. P. 11(d)(2)(B); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). We have defined a "fair and just" reason as one that in essence challenges the fairness of the Rule 11 proceeding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). Where, as here, the district court substantially

4

complies with the requirements of Rule 11 in accepting a defendant's guilty plea, that defendant must overcome a strong presumption that his guilty plea is final and binding. See id. In determining whether the defendant has carried his burden, a court considers six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Moore, 931 F.2d at 248. We have reviewed the record in this case and, after carefully considering the factors described in Moore, conclude that the district court did not abuse its discretion in denying Roman's motion to withdraw his guilty plea.

In accordance with Anders, we have reviewed the record in this case, mindful of the scope of the appellate waiver, and have found no meritorious issues for appeal. We therefore affirm Roman's conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform Roman, in writing, of his right to petition the Supreme Court of the United States for further review. If Roman requests that a petition be filed, but counsel believes that such a petition

5

would be frivolous, counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roman. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART<br>AND AFFIRMED IN PART